IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREG ALLEN; | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. CV-06-035 |
| STANDARD FIRE INSURANCE COMPANY; et al., | * |
| Defendants. | * |

## MOTION TO REMAND

Comes now the Plaintiff, Greg Allen, and hereby files this his Motion to Remand this case back to the Circuit Court of Montgomery County, Alabama, and would show unto the Court the following:

1. That this is an action for fraud and negligence and wantonness filed in the Circuit Court of Montgomery County, Alabama, styled Greg Allen v. Standard Fire Insurance Company, case number CV-05-3147. Said complaint was based upon the fraudulent, and negligent and wanton conduct that resulted in injury and damage to the Plaintiff as set forth in Plaintiff's Complaint. (Complaint, Exhibit "A").

2. That the amount in controversy is less than $75,000.00, which is the jurisdictional limit of this Court pursuant to 28 U.S.C. § 1332. (Exhibit "A"); (Plaintiff's Affidavit, Exhibit "B").

3. The Defendant has the burden to prove "by a preponderance of the evidence" that the amount in controversy more likely than not exceeds the $75,000.00 jurisdictional amount." Tapscott v. M.S. Dealer Service Corp, 77 F. 3d 1353, 1359-60 (11th Cir. 1996).

4. Defendants have failed to provide any evidence whatsoever that federal jurisdiction exists in this action.

WHEREFORE, Plaintiff prays that this Court remand this action back to the Circuit Court of Montgomery County, Alabama.

_____
CHRISTOPHER SANSPREE (SAN048)

OF COUNSEL:

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
P. O. Box 4160
272 Commerce Street (36104)
Montgomery, Alabama  36103-4160
(334) 269-2343
(334) 954-7555 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all counsel of record as listed below by placing a copy of the same in the United States Mail, first class, postage prepaid on this the 19th day of **January** 2006.

_____
OF COUNSEL

Brenen G. Ely
Mr. Joel Isenberg
**Smith & Ely, L.L.P.**
2000A Southbridge Parkway; Suite 405
Birmingham, Alabama
205-802-2214
205-879-4445 fax

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

PLEASE STAMP AND RETURN

| | | |
|---|---|---|
| GREG ALLEN; | * | |
| Plaintiff, | * | |
| vs. | * | CIVIL ACTION NO. CV-05 |
| STANDARD FIRE INSURANCE COMPANY; Fictitious Defendants "A", "B", and "C", whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained, | * | |
| Defendants. | * | |

2005 DEC 14 PM 3:50

## COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff Greg Allen is over the age of nineteen years and is a resident citizen of Montgomery County, Alabama.

2. Defendant Standard Fire Insurance Company (hereinafter referred to as "Standard") is a foreign corporation doing business by agent in Montgomery County, Alabama.

3. Fictitious Defendants "A", "B", and "C" whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and


EXHIBIT A

correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

4. In or around November of 2004, in Montgomery County, Alabama, Plaintiff purchased and maintained an insurance policy from Defendant Standard Fire Insurance Company that provided insurance coverage for his 23ft 1998 Boston Whaler, to wit policy No. 947346925, based upon the representations by Defendant Standard Fire's agent and/or representative that said insurance policy would provide enough coverage necessary repair and/or replace any damage suffered to Plaintiff's boat and enough coverage to repair and/or replace the Plaintiff's boat's outboard motors should they ever be damaged.

5. On or about August 29, 2005, Plaintiff's boat and outboard motors were damaged, and Plaintiff subsequently filed a claim for benefits as set forth above.

6. On or about October 25, 2005, Plaintiff discovered that he had not been provided the insurance coverage as represented.

7. Plaintiff discovered the fraud within two years of filing this lawsuit.

8. Defendants entered into a pattern or practice of fraudulent conduct, which included the fraud practiced on Plaintiffs.

9. At all times material hereto, Plaintiff depended on Defendants to advise him as to insurance matters because of the Defendants' superior knowledge and position.

10. The conduct by Defendants was intentional, gross, wanton, malicious, or oppressive.

## COUNT ONE

11. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

12. In or around November of 2004, in Montgomery County, Alabama, Plaintiff purchased and maintained an insurance policy from Defendant Standard Fire Insurance Company that provided insurance coverage for his 23ft 1998 Boston Whaler, to wit policy No. 947346925, based upon the representations by Defendant Standard Fire's agent and/or representative that said insurance policy would provide enough coverage necessary repair and/or replace any damage suffered to Plaintiff's boat and enough coverage to repair and/or replace the Plaintiff's boat's outboard motors should they ever be damaged.

13. On or about August 29, 2005, Plaintiff's boat and outboard motors were damaged, and Plaintiff subsequently filed a claim for benefits as set forth above.

14. On or about October 25, 2005, Plaintiff discovered that he had not been provided the insurance coverage as represented.

15. The representations made by Defendants were false and Defendants knew they were false.

16. Plaintifs relied upon the false representations and took out the policy of insurance referenced above.

17. As a proximate consequence of Defendant Standard Fire's conduct, Plaintiff was injured and damaged as follows: Plaintiff paid premiums on a policy of insurance that did not provide the coverage as promised; Plaintiff has incurred expenses that should have been covered by his policy of insurance; Plaintiff has suffered mental

anguish and emotional distress and will continue to do so; and Plaintiff was otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendant Standard Fire in such an amount of compensatory damages as the court deems reasonable, and may award, plus costs not to exceed $74,999.

## COUNT TWO

18. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

19. At all times material hereto, Defendant Standard Fire fraudulently failed to disclose to the Plaintiff that he had not been provided the insurance coverage promised.

20. Plaintiff relied on Defendant's non-disclosure of material facts, which lead to him into changing his position and purchasing and continuing to pay for the aforementioned insurance coverage.

21. As a proximate consequence of the fraudulent conduct, Plaintiff was injured and damaged as alleged in paragraph 17 above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as the court deems reasonable and may award, plus costs, not to exceed $74,999.00.

## COUNT THREE

22. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

23. At the aforesaid time and place, Defendants innocently, recklessly, negligently or wantonly made the aforementioned misrepresentations and/or concealed the material facts relating to the aforesaid insurance coverage.

24. As a proximate consequence of the fraudulent conduct, Plaintiff was injured and damaged as alleged in paragraph 17 above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as the court deems reasonable and may award, plus costs, not to exceed $74,999.00.

## COUNT FOUR

25. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

26. Defendant Standard Fire negligently and/or wantonly failed to procure the insurance coverage as promised.

27. As a proximate result, Plaintiff was injured and damaged as alleged in paragraph 17 above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as the court deems reasonable and may award, plus costs, not to exceed $74,999.00

JERE L. BEASLEY (BEA020)
W. DANIEL "DEE" MILES, III, (MIL060)
CHRISTOPHER SANSPREE (SAN048)

OF COUNSEL:

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
P. O. Box 4160
272 Commerce Street (36104)
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 facsimile


## JURY DEMAND

PLAINTIFF HEREBY DOES NOT DEMAND TRIAL BY JURY ON ALL
ISSUES OF THIS CAUSE.

_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREG ALLEN; | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *  CIVIL ACTION NO. 06-035 |
| | * |
| STANDARD FIRE INSURANCE COMPANY; et al., | * |
| | * |
| Defendants. | * |

## AFFIDAVIT OF PLAINTIFF

Before me, the undersigned, a Notary Public in and for the State of Alabama at Large, personally appeared Greg Allen, who is known to me and who being by me first duly sworn, on oath, deposes and says as follows:

"My name is Greg Allen and I am the Plaintiff in the above-styled case and am competent to testify. I make this affidavit based on personal knowledge.

I do not and did not intend to seek damages in excess of the total amount $74,999.00 as demanded in my Complaint, which is attached hereto as Exhibit "A". I irrevocably agree that the amount of damages claimed by me in this action is and will forever be no more than $74,999.00 exclusive of interest and costs. I irrevocably agree to the entry of an order of this Court which places an irrevocable cap upon the amount of damages which may be awarded to me in this case, and that this cap shall be set as $74,999.00 exclusive of interest and costs. I will under no circumstances accept a judgment or settlement in this

EXHIBIT B

y

case in excess of $74,999.00. I agree, acknowledge, and understand that this agreement is binding upon me and my heirs, executors, administrators, and assigns, and cannot be rescinded or revoked under any circumstances regardless of any development which may occur during the investigation, discovery, pretrial, or trial of this action."

_____
Greg Allen

STATE OF ALABAMA

__Montgomery__ COUNTY

SWORN to and SUBSCRIBED before me on this the 17th day of __January__, 2006.

_____
NOTARY PUBLIC
My Commission Expires: 8/8/07