# Exhibit "A"

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

GREG ALLEN;                              *
                                         *
     Plaintiff,                     *
                                         *
vs.                                      *    CIVIL ACTION NO. CV-05 - 3147
                                         *
STANDARD FIRE INSURANCE                  *
COMPANY;                                 *
Fictitious Defendants                    *
"A", "B", and "C", whether singular      *
or plural, those other persons,          *
corporations, firms or other entities    *
whose wrongful conduct caused            *
or contributed to cause the injuries     *
and damages to the Plaintiff, all of     *
whose true and correct names are         *
unknown to Plaintiff at this time,       *
but will be added by amendment           *
when ascertained,                        *
                                         *
     Defendants.                    *

2005 DEC 14 PH 3: 50

## COMPLAINT

## STATEMENT OF THE PARTIES

1.    Plaintiff Greg Allen is over the age of nineteen years and is a resident citizen of Montgomery County, Alabama.

2.    Defendant Standard Fire Insurance Company (hereinafter referred to as "Standard") is a foreign corporation doing business by agent in Montgomery County, Alabama.

3.    Fictitious Defendants "A", "B", and "C" whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and

correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

4.     In or around November of 2004, in Montgomery County, Alabama, Plaintiff purchased and maintained an insurance policy from Defendant Standard Fire Insurance Company that provided insurance coverage for his 23ft 1998 Boston Whaler, to wit policy No. 947346925, based upon the representations by Defendant Standard Fire's agent and/or representative that said insurance policy would provide enough coverage necessary repair and/or replace any damage suffered to Plaintiff's boat and enough coverage to repair and/or replace the Plaintiff's boat's outboard motors should they ever be damaged.

5.     On or about August 29, 2005, Plaintiff's boat and outboard motors were damaged, and Plaintiff subsequently filed a claim for benefits as set forth above.

6.     On or about October 25, 2005, Plaintiff discovered that he had not been provided the insurance coverage as represented.

7.     Plaintiff discovered the fraud within two years of filing this lawsuit.

8.     Defendants entered into a pattern or practice of fraudulent conduct, which included the fraud practiced on Plaintiffs.

9.     At all times material hereto, Plaintiff depended on Defendants to advise him as to insurance matters because of the Defendants' superior knowledge and position.

10.     The conduct by Defendants was intentional, gross, wanton, malicious, or oppressive.

## COUNT ONE

11.    Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

12.    In or around November of 2004, in Montgomery County, Alabama, Plaintiff purchased and maintained an insurance policy from Defendant Standard Fire Insurance Company that provided insurance coverage for his 23ft 1998 Boston Whaler, to wit policy No. 947346925, based upon the representations by Defendant Standard Fire's agent and/or representative that said insurance policy would provide enough coverage necessary repair and/or replace any damage suffered to Plaintiff's boat and enough coverage to repair and/or replace the Plaintiff's boat's outboard motors should they ever be damaged.

13.    On or about August 29, 2005, Plaintiff's boat and outboard motors were damaged, and Plaintiff subsequently filed a claim for benefits as set forth above.

14.    On or about October 25, 2005, Plaintiff discovered that he had not been provided the insurance coverage as represented.

15.    The representations made by Defendants were false and Defendants knew they were false.

16.    Plaintifs relied upon the false representations and took out the policy of insurance referenced above.

17.    As a proximate consequence of Defendant Standard Fire's conduct, Plaintiff was injured and damaged as follows: Plaintiff paid premiums on a policy of insurance that did not provide the coverage as promised; Plaintiff has incurred expenses that should have been covered by his policy of insurance; Plaintiff has suffered mental

anguish and emotional distress and will continue to do so; and Plaintiff was otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendant Standard Fire in such an amount of compensatory damages as the court deems reasonable, and may award, plus costs not to exceed $74,999.

## COUNT TWO

18.     Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

19.     At all times material hereto, Defendant Standard Fire fraudulently failed to disclose to the Plaintiff that he had not been provided the insurance coverage promised.

20.     Plaintiff relied on Defendant's non-disclosure of material facts, which lead to him into changing his position and purchasing and continuing to pay for the aforementioned insurance coverage.

21.     As a proximate consequence of the fraudulent conduct, Plaintiff was injured and damaged as alleged in paragraph 17 above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as the court deems reasonable and may award, plus costs, not to exceed $74,999.00.

## COUNT THREE

22.     Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

23.    At the aforesaid time and place, Defendants innocently, recklessly, negligently or wantonly made the aforementioned misrepresentations and/or concealed the material facts relating to the aforesaid insurance coverage.

24.    As a proximate consequence of the fraudulent conduct, Plaintiff was injured and damaged as alleged in paragraph 17 above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as the court deems reasonable and may award, plus costs, not to exceed $74,999.00.

## COUNT FOUR

25.    Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

26.    Defendant Standard Fire negligently and/or wantonly failed to procure the insurance coverage as promised.

27.    As a proximate result, Plaintiff was injured and damaged as alleged in paragraph 17 above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as the court deems reasonable and may award, plus costs, not to exceed $74,999.00

JERE L. BEASLEY (BEA020)
W. DANIEL "DEE" MILES, III, (MIL060)
CHRISTOPHER SANSPREE (SAN048)

OF COUNSEL:

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
P. O. Box 4160
272 Commerce Street (36104)
Montgomery, Alabama  36103-4160
(334) 269-2343
(334) 954-7555 facsimile

## JURY DEMAND

PLAINTIFF HEREBY DOES NOT DEMAND TRIAL BY JURY ON ALL
ISSUES OF THIS CAUSE.

_____
OF COUNSEL

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

GREG ALLEN;                          *
                                     *
    Plaintiff,                *
                                     *
vs.                                  *        CIVIL ACTION NO. CV-05 - 3147
                                     *
STANDARD FIRE INSURANCE              *
COMPANY; et al.,                     *
                                     *
    Defendants.               *

### SUMMONS

    This service by certified mail of this summons is initiated upon the written request of Plaintiff attorney pursuant to the Alabama Rules of Civil Procedure.

    NOTICE TO:        **Standard Fire Insurance Company**
                          **C/o The Corporation Company**
                          **2000 Interstate Park; Suite 204**
                          **Montgomery, AL 36109**

2005 DEC 14    3:50

    The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

                **Christopher E. Sanspree**
                **BEASLEY, ALLEN, CROW, METHVIN,**
                **PORTIS & MILES, P.C.**
                **Post Office Box 4160**
                **Montgomery, AL 36103-4160**

the attorney for the Plaintiff. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

                                          _Melissa Rittenour_
                                        CIRCUIT CLERK

Dated: _____12/16/05_____

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

GREG ALLEN;                         *
                                    *
    Plaintiff,            *
                                    *
vs.                                 *       CIVIL ACTION NO. CV-05  - 3 147
                                    *
STANDARD FIRE INSURANCE             *
COMPANY; et al.,                    *
                                    *
    Defendants.           *

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST
## FOR PRODUCTION TO DEFENDANT STANDARD FIRE INSURANCE CO.

Pursuant to Rule 33 of the Alabama Rules of Civil Procedure, Plaintiff propounds

the following interrogatories and requests for production to be answered by Standard Fire

Insurance Company (hereinafter referred to as "Standard"), a party defendant, in the

manner and form prescribed by law:

### INTERROGATORIES

1.      Identify the name of the person preparing the answers to these interrogatories

and identify any person aiding in the preparation.

2.      Please state the legal name of this Defendant.

3.      If this Defendant is a corporation, please identify the state in which this

Defendant was incorporated and the state in which this Defendant has its principal place of

business.

4.      If this Defendant has ever been sued for fraud and/or bad faith for failure to

pay a claim in the past ten (10) years, please state:

      a.      When was such suit filed?

b.    Who made such claim or filed such suit, giving the address of the person who made such claim?

c.    Please produce documents showing such.

d.    The lawyer's name and address that sued this Defendant.

e.    Please provide a copy of the complaint.

5.    Explain the relationship between this Defendant and all other Defendants.

6.    State the name, address, and job title of each person, now known to this Defendant, who has any knowledge or information relating to the incident and allegations made the basis of the Plaintiff's Complaint.

7.    Identify all persons who have any knowledge or witnessed the execution of documents by Plaintiff.

8.    State the names and addresses of any and all persons with whom this Defendant has consulted as an expert witness and their opinion.

9.    State the names of all employees of this Defendant who had any contact with the Plaintiff at any time and describe the contact.

10.    Prior to the institution of this action, did you or anyone on your behalf make any investigation to determine whether or not there was, in fact, a valid claim presented by the Plaintiff? If so, please state:

a.    The person making such investigation;

b.    The date on which such investigation was performed;

c.    The results of such investigation.

11.    Please state the name, address, and specify duties of any and all persons associated with the Defendant who participated in the issuance, processing, or approval of

the policy of insurance, issued to Plaintiff, along with a detailed description of their participation.

12.    Was the insurance agent who had dealings with the Plaintiff regarding the sale of the insurance policy an agent of this Defendant?

13.    Was the agent licensed by this Defendant to sell policies?

14.    Please state which, if any, premiums of Plaintiff's insurance policy were due or unpaid prior to the filing of this lawsuit.

15.    If this Defendant has ever received any complaints, written or verbal, about the agent that dealt with Plaintiff, please give the substance of those complaints in detail.

16.    Please state the names, addresses and telephone numbers of all current and former employees of this Defendant's office in Hamilton County or the office in charge of Hamilton County.

17.    List each person from whom a statement has been taken by this Defendant.

18.    Had this Defendant done any investigation of Plaintiff's claim prior to this lawsuit? If so, please explain your answer in detail.

19.    Please state the name of any liability insurance company that provides coverage for any portions of the Plaintiff's Complaint.  State the amount of coverage you have.

20.    Has this Defendant had any complaints filed against them with any agency of the State of Tennessee or federal government?  If so, explain the basis of such complaint(s) and the result(s).

21.    Has this Defendant ever been investigated by or had their license suspended or revoked by any state or federal agency? If so, explain the circumstances regarding the incidents(s) in detail.

22.    Please state the name, address and telephone number of all disability insurance policyholders for this Defendant in the State of Tennessee for the past eight (8) years.

23.    Did this Defendant investigate the agent that sold the policy prior to the agent's hiring? If so, please produce any documents showing results of such investigation.

24.    State the name and job title of the person who denied the claim and state the reason for denial.

25.    State in detail why the Plaintiff's claim was denied or has been denied.

26.    State this Defendant's basis for denying the Plaintiff's claim(s).

27.    State each fact upon which this Defendant relies on for denial of Plaintiff's claim(s) and the source of any said facts.

28.    State the name and address of each witness who can or will support Defendant's denial, basis of denial and/or facts surrounding denial of Plaintiff's claim(s).

29.    State and identify every document and its location which this Defendant contends supports its basis for denying Plaintiff's claim(s).

30.    Does more than one claims file exist on the Plaintiff in regard to the claim(s) in this lawsuit?

31.    Does a separate investigation file exist on this Plaintiff or the claims which are the subject of this lawsuit?

32.    Are any documents being withheld in regard to the Plaintiff or the claim in this lawsuit from any files maintained by this Defendant? If so, identify each document, its location, and the basis for non-production.

33.    Are there any electronic communications (computer or otherwise) concerning Plaintiff's claim(s) that this Defendant has not printed and produced? If so, identify each document, its location, and the basis for non-production.

34.    Is there a separate adjuster diary, log, list, notes, etc. which references Plaintiff's claim(s) which are the subject of this lawsuit? If so, identify each document, its location, who maintains it, and the basis for non-production.

## SPECIFIC DOCUMENTS REQUESTED

In addition to documents requested hereinabove, Plaintiff specifically requests that this Defendant produce the following:

1.    The complete claims file.

2.    The complete claims adjuster's file.

3.    The complete underwriting file.

4.    Names, addresses, and positions with each Defendant of each and every person who in any way worked with Plaintiff's claim or claims.

5.    A list of names, addresses, and policy numbers of all individuals who have been denied coverage for claims that pertain to disability insurance claims, whose policies are similar to Plaintiff's prior to Plaintiff's claim or claims in Tennessee, during the last five years.

6.    All promotional literature explaining the type of policy which was sold to Plaintiff.

7.     Sales pamphlets pertaining to the type of policy sold to Plaintiff.

8.     All claims manuals, procedural manuals, operational manuals, or other documents of whatever kind which direct or instruct employees with respect to responsibilities concerning the handling of claims.

9.     All correspondence, memoranda, reports, statements, acknowledgments, instructions, directives, cards, and other written documents relating to or mentioning Plaintiff.

10.     All correspondence, memoranda, reports, statements, acknowledgments, instructions, directives, cards, and other written documents relating to the insurance policy issued to Plaintiff.

11.     Individual agent files relating to the agent and/or agency who sold the policy issued to Plaintiff.

12.     Any and all documents or writings evidencing or relating to the revocation of licenses with respect to any agents of this Defendant including the agent that sold the policy to Plaintiff.

13.     All correspondence, memoranda, reports, statements, acknowledgments, instructions, directives, cards, and other written documents relating to the claim or claims filed by Plaintiff or on behalf of the Plaintiff.

14.   Any complaints filed against this Defendant concerning policies like that of Plaintiff, or similar thereto, with any State Insurance Department or other entities to the present date.

15. Any and all documents of whatever type filed with the Tennessee Insurance Department or a similar regulatory agency of any state relating to the policy of insurance sold to Plaintiff.

16. Testimony and documents evidencing or relating to any reprimands, actions, or complaints, or disciplinary actions taken against this Defendant by the Insurance Department or Attorney General of any state in the United States of America including Tennessee.

17. Please provide a list of all people in the Underwriting Department who have knowledge of this particular policy.

18. Please provide copies of all files maintained by this company regarding the Plaintiff's policy and provide a list of where each file is kept, giving the full name of the person whose custody said file is in, and their job title, address and telephone number.

19. Produce a copy of all correspondence between this Defendant and the Insurance Department for the State of Tennessee and/or any other state insurance department in which this Defendant does business concerning any complaints, lawsuits or claims made by a policyholder, insured or assignee, which have been denied by this Defendant.

20. Attach a copy of the Curriculum Vitae for any expert witness you expect to call as a witness at the trial of this case.

21. All policies ever issued to any Plaintiff including the policy number.

22. All checks ever written to Plaintiff.

23. All documents showing amount Plaintiff paid at each interval.

24.     All documents that have a signature on them that appear to be that of Plaintiff or Plaintiff's family members.

25.     All letters to Plaintiff or Plaintiff's family from this Defendant.

26.     The entire file dealing with Plaintiff.

27.     Any documents which mention Plaintiff.

28.     The commission rate card of Plaintiff's agent.

29.     Any documents showing the commission received by the agent for sale of insurance to Plaintiff.

30.     Any document that mentions the agent that sold the policy to Plaintiff.

31.     A copy of all policies ever issued to Plaintiff or Plaintiff's family members.

32.     A copy of all applications ever signed or purportedly signed by Plaintiff or Plaintiff's family members.


CHRISTOPHER SANSPREE (SAN048)


OF COUNSEL:

**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
P. O. Box 4160
272 Commerce Street (36104)
Montgomery, Alabama  36103-4160
(334) 269-2343
(334) 954-7555 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all counsel of record as listed below by placing a copy of the same in the United States Mail, first class, postage prepaid on this the ___13___ day of ___December___ 2005.

_____

OF COUNSEL

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

GREG ALLEN;                            *
                                       *
        Plaintiff,                     *
                                       *
vs.                                    *        CIVIL ACTION NO. CV-05 – 3147
                                       *
STANDARD FIRE INSURANCE                *
COMPANY; et al.,                       *
                                       *
        Defendants.                    *

## NOTICE OF TAKING DEPOSITION

TO:    **Standard Fire Insurance Company**

PLEASE TAKE NOTICE that, pursuant to Alabama Rules of Civil Procedure 30(b)(5) and (6), Plaintiff will take the deposition of Standard Fire Insurance Company, a corporation (hereinafter referred to as "said corporation") upon oral examination before an officer authorized by law to administer oaths. The matters on which examination is requested are:

1..    Similar lawsuits;

2.     This company's dealings with Plaintiff;

3.     The type of policy sold to Plaintiff;

4.     Any disciplinary action taken against agents of this Defendant;

5.     All matters alleged in the Complaint filed in this cause.

Said deposition shall be taken at a time and place to be agreed upon by all parties.

Pursuant to Rule 30(b)(5), A.R.Civ.P., Plaintiff requests deponent to produce the following items at said deposition:

1.     Copies of all documents, correspondence, policies, notes, memoranda, or other things of any manner maintained by you pertaining to Plaintiff.

2.       Copies of all documents, correspondence, notes, memoranda, or things of any manner received from Plaintiff.

3.       Copies of all documents, correspondence, notes, memoranda, or things of any manner generated by you, pertaining to Plaintiff or to Plaintiff's policy of insurance issued by this Defendant.

4.       Copies of all documents, correspondence, notes, memoranda, or things of any manner sent to Plaintiff.

5.       Any diary, notes, or recordings of any nature concerning telephones conversations with Plaintiff or anyone acting on her behalf.

6.       Any and all documents in this Defendant's possession or control supporting the answer or defenses of this Defendant in this action.

7.       Copies of all documents, correspondence, notes, or memoranda between this Defendant pertaining to Plaintiff's policy of insurance and/or claim.

CHRISTOPHER SANSPREE (SAN048)

OF COUNSEL:

**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
P. O. Box 4160
272 Commerce Street (36104)
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 facsimile

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document upon all counsel of record as listed below by placing a copy of the same in the United States Mail, first class, postage prepaid on this the ___ day of ___ 2005.

_____

OF COUNSEL