IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GREG ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIVIL ACTION NO. 2:06cv35-WHA |
| | ) | |
| STANDARD LIFE INSURANCE COMPANY, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This cause is before the court on a Motion to Remand (Doc. #1) filed by the Plaintiff, Greg Allen.

In the Notice of Removal, the Defendants asserted that it was unclear whether the amount in controversy in this case exceeds $75,000, because the Complaint lists $74,999 as the amount of damages sought in four separate ad damnum clauses.

In response, the Plaintiff filed a Motion to Remand and included an affidavit in which he states that when he filed this suit it was his intention to claim only $74,999 in total damages; that he irrevocably agrees that the amount of damages sought is and will forever be no more than $74,999 total in damages, exclusive of interest and costs; that he will not accept a judgment or settlement for more than $74,999 in damages; and that the agreement is binding on his heirs, executors, administrators and assigns, and cannot be rescinded or revoked under any circumstances regardless of any development which may occur during the investigation, discovery, pretrial or trial of the case. The Plaintiff further states that he irrevocably agrees to the entry of an order placing an irrevocable cap on the amount of damages which may be awarded in this case of $74,999.00, exclusive of interest and costs.

The affidavit filed by the Plaintiff is sufficient to clarify the ambiguity in the amount of damages sought in the Complaint. Based upon this affidavit, executed under oath, the court finds that the amount in controversy in this case does not exceed $75,000, exclusive of interest and costs. The court further finds, as agreed to by the Plaintiff, that there is an irrevocable cap upon the amount of damages which may be awarded in this case of $74,999.00, exclusive of interest and costs.

Because the requisite amount in controversy is lacking in this case, the Motion to Remand is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.

Done this 16th day of February, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE